UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Fabrics International, Inc., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>Forever 21 Inc a California corporation, et al.,<br><br>    Defendants. | CASE NO. CV 07-800-GPS(SSx)<br><br>Referred for settlement proceedings to Magistrate Judge Suzanne H. Segal<br><br>ORDER RE SETTLEMENT CONFERENCE<br><br>DATE:    September 10, 2007<br>TIME:    1:30 p.m.<br>PLACE:   COURTROOM 23 |

**PLEASE READ THIS ORDER CAREFULLY**

This case has been referred to Magistrate Judge Suzanne H. Segal for settlement proceedings.

The Settlement Conference is placed on calendar for **Monday, September 10, 2007 at 1:30 p.m.**, Courtroom 23, Third Floor, 312 N. Spring Street, Los Angeles, California 90012.

The Magistrate Judge will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference.

1.  The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2.  Pursuant to Local Rule 16-14.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

3.  Counsel who will try the case must be present. In addition, a person with full settlement authority should likewise be present for the conference. **This requirement contemplates the physical presence of your client or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client. The plaintiff's representative must have full and final authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer made prior to the settlement conference. The defendant's representative must have final settlement authority to commit the defendant to pay, in the**

representative's discretion, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the settlement conference, whichever is lower.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. **ANY VIOLATION OF THIS REQUIREMENT WILL CAUSE THE COURT TO CANCEL THE SETTLEMENT CONFERENCE. IN ADDITION, COUNSEL AND/OR THE PARTY WHO VIOLATE THIS ORDER MAY BE SUBJECT TO SANCTIONS.**

Either at a telephonic conference prior to the date of the settlement conference (which will only take place if the Court requests such a telephonic conference) or at the beginning of the settlement conference, the Court will ask each counsel to identify who will appear on behalf of the party. Even if your client is located outside the Central District of California, the client will be expected to appear in person.

Any relief from this requirement may only be granted by the Court, following a motion or ex parte application from the party seeking relief. Relief from this requirement will rarely, if ever, be granted and only upon a showing of exceptional good cause.[1]

---

[1] The provisions of Local Rule 16-14.5(b) are inapplicable to this Order. Only the United States, its agencies or employees are entitled to rely upon Local Rule 16-14.5(b).

4.  If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is <u>absolutely required</u>.

5.  Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be canceled and rescheduled. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6.  Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also should have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, an amount recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, <u>in his or her discretion</u>, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7.  The settlement judge may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them

outside of the hearing of the others.  The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  Violation of this policy may be misleading and therefore a hindrance to settlement.

8.  Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.  **In addition, the Court strongly encourages the exchange of written demands and counter-offers prior to the settlement conference.**

9.  No later than five (5) court days prior to the conference, each party shall **submit a Settlement Conference Statement directly to the chambers of Magistrate Judge Segal** (312 N. Spring St., Room 324) or fax to (213) 894-4368.  **The parties shall serve the Statements on all relevant parties in the action on the same date.**  The Statements should not be filed with the Clerk of the Court and they will not be made part of the case file.  The Statements shall be double-spaced and shall not exceed ten (10) pages in length.

\\
\\

The parties respective Settlement Conference Statements shall include the following:

A.  A brief statement of the facts of the case, including the party's claims and defenses.  The statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based.  This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

B.  **An ITEMIZED STATEMENT OF THE DAMAGES claimed, and of any other relief sought**.  This is one of the most **critical** aspects of the party's statement.  **Any statement which omits an itemized statement of damages will be considered a violation of this Order and may subject the party to sanctions**.

C.  A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

D.  A history of past settlement discussions, offers and demands.

10.  Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered directly to Magistrate Judge Segal only, along with the Settlement Conference Statement.  The Confidential Addendum shall **not** be filed with the Court or served upon the other parties.  The Confidential Addendum shall contain:

      A.    A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

      B.    The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (I) further discovery, (ii) pretrial and (iii) trial.

      C.    The party's evaluation of the terms on which the case could be settled <u>fairly</u>, taking into account the litigation position and settlement position of the other side.

11. In the event both parties <u>agree</u> that a settlement conference at this point in the litigation would not be meaningful, <u>after the above described steps are completed</u>, the parties are instructed to telephone Judge Segal's courtroom deputy clerk at (213) 894-0958 and inform her of this information. The Court will then hold the settlement conference telephonically on the date and time previously scheduled for the Settlement Conference.

12. Any failure of the trial attorneys, parties or persons with authority to attend the conference will result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference. Failure to timely deliver a Settlement Conference Statement and Confidential Addendum, or otherwise comply with this Order, will also result in sanctions being imposed.

13. At the commencement of the conference, each party through counsel may be required to make an oral presentation (not to exceed 10

minutes) of the relevant <u>facts</u> and <u>law</u>, in the <u>presence</u> of all parties and counsel. Counsel should have available for the Court's review copies of all critical documents (i.e., pleadings, declarations or witness statements, business records, personnel files, etc.) in the case, as well as copies of all important witnesses' deposition transcripts, if a party believes such documents will assist in the evaluation of the case. If a party's settlement position is predicated on the recoupment or recovery of attorney's fees and/or costs, then its counsel should have available for the Court's review copies of billing records substantiating both the time expended and the expenses incurred.

14. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement. <u>See</u> Local Rule 16-14.7.

15. All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Magistrate Judge, after the settlement proceedings are concluded, unless the parties agree otherwise.

DATED: June 29, 2007

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE